No. 24,036.

THE WESTERN AUTOMOBILE INSURANCE COMPANY, *Appellant,* v. J. F. LYONS, as County Assessor, and NETTIE AUSMAN, as County Clerk, of Bourbon County, *Appellees.*

### SYLLABUS BY THE COURT.

TAXATION—*Statute Relating to Taxation of U. S. Bonds Unconstitutional.* The authority of *Lantz v. Hanna,* 111 Kan. 461, 207, Pac. 767, holding that so much of section 11163 of the General Statutes of 1915 as provides for the listing for taxation, as money, bonds of the United States owned during the year preceding March 1, is unconstitutional, is followed and applied.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed December 9, 1922. Reversed.

*John H. Crain,* of Fort Scott, for the appellant.
*Harry Warren,* of Fort Scott, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Action to enjoin the county officers from proceeding with the collection of taxes from plaintiff upon bonds of the United States which the latter had purchased and held during the year following the listing on March 1, 1920. The injunction was denied and plaintiff appeals.

Plaintiff had made three separate purchases of liberty bonds in 1920 in the months of April, August and October, amounting to $30,000. In 1921 the taxing officers, against the protest of the plaintiff, listed the bonds for taxation as money owned on March 1, 1921, fixing the amount of the assessment in accordance with the time that the bonds had been owned during the preceding year. The assessment was made under the authority and rule prescribed in General Statutes 1915, section 11163, and the contention is that this section is unconstitutional and afforded no authority for imposing the tax.

The precise question presented was directly involved and definitely determined in *Lantz v. Hanna*, 111 Kan. 461, 207 Pac. 767. It was there held that the part of the statute providing for the listing and taxation of bonds of the United States violated the constitutional principles of equality and uniformity of taxation in this state as well as the federal statute and constitution. It may be said that the decision in the Lantz case had not been made when the trial court decided that the bonds were taxable and denied the injunction.

Following that authority the judgment of the district court is reversed and the cause remanded with the direction to enter judgment in favor of the plaintiff.